*78 OPINION.
TRAMjviell :
The petitioner contends that the payments to his mother and aunt were made pursuant to an obligation assumed in a business transaction in which they were associated, and that as such they were losses incurred in business or in a transaction entered into for profit within the meaning of the Revenue Act of 1918, and as such are deductible. The respondent, on the other hand, contends that the payments represent either gifts or capital expenditures and did not constitute allowable deductions as losses.
The contract of 1914 by its terms canceled the contract of 1905 under which the petitioner was acting as trustee. The 1914 contract was entirely different. It specifically provided that the petitioner’s mother and aunt conveyed to the petitioner .and Theo Mastín Lovejoy all their right, title and interest in the shares of stock which belonged to them. One of the considerations for this was the agreement on the part of the petitioner and Theo Mastín Lovejoy to provide for the maintenance and support of their mother and aunt. The amounts paid out during the taxable years for the support of these people was in accordance with the terms of that agreement. In our opinion, these payments constitute consideration for a capital asset. It is no different than if petitioner’s mother and aunt had sold the stock for a cash consideration. In that event it could hardly have been contended that the cash paid for the stock was deductible as a loss unless, or until the stock became worthless or the loss had been realized. Here the stock was to be paid for over an indefinite number of years until the death of the persons who were being paid for it. Both of these people died in 1922.
We, therefore, agree with the Commissioner in holding that the payments were capital expenditures.
*79 On the question of a deduction on account of the payment of the sum for advertising the property owned by the corporation, the petitioner contends that this amount was deductible either as a loss sustained directly in the management and control of the stock which had not been compensated for by insurance or otherwise, or that it was deductible as a contribution. We. can not agree with either theory advanced by the petitioner. It clearly can not be allowed as a contribution. The amounts paid out for advertising might properly have been allowed if paid out by the corporation as ordinary and necessary expenses, but in this case it-was not paid out by the corporation. The petitioner did not pay it out for advertising his own property. The only benefit he could have obtained from it was the benefit which it might have added to his stock through the increase in value that might have resulted to the property of the corporation. If the payment be held to represent an additional investment, it could not be allowed as a loss unless or until the stock was sold or determined to be worthless. In our opinion, the amount is not deductible in determining the petitioner’s net income.

Judgment will ~be entered for the respondent.

MilliiceN not participating.